KARIN G. PAGNANELLI (SBN 174763)
kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LUCY H. PLOVNICK (*pro hac vice*)
lhp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
1818 N. Street NW, 7th Floor
Washington, DC 20036
Telephone: (202) 355-7900
Facsimile: (202) 355-7899

*Attorneys for Defendant*
*Bandai Namco Entertainment America Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAMUEL JESSE GARCIA individually and on behalf of all others similarly situated,

Plaintiff,

v.

BANDAI NAMCO ENTERTAINMENT AMERICA INC.,

Defendant.

CASE NO. 8:25-cv-00967-DOC (PVC*x*)

Judge: Hon. David O. Carter

**DEFENDANT BANDAI NAMCO ENTERTAINMENT AMERICA INC.'S ANSWER TO PLAINTIFF SAMUEL JESSE GARCIA'S FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

**1. VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT (18 U.S.C. § 2710)**

First Amended Complaint Filed: August 21, 2025

Defendant Bandai Namco Entertainment America Inc. ("Defendant"), by and through counsel, for its Answer to the First Amended Class Action Complaint ("Complaint") filed by Plaintiff Samuel Jesse Garcia ("Plaintiff"), admits, denies, and states as follows:

## INTRODUCTION[1]

1. Answering paragraph 1, Defendant denies the allegations contained therein, including that Plaintiff is entitled to bring or maintain this action as a purported class action on behalf of a nationwide class of consumers.

2. Answering paragraph 2, Defendant denies the allegations contained therein and specifically denies that Defendant's video games qualify as "similar audio visual materials" under the VPPA because they contain substantial prerecorded audiovisual content, including cinematic cutscenes, character dialogue, and narrative sequences.

3. Answering paragraph 3, Defendant denies the allegations contained therein and specifically denies that Defendant collected and disclosed consumers' video game viewing and purchasing data to Facebook without obtaining informed, written consent.

4. Answering paragraph 4, Defendant denies the allegations contained therein and specifically denies that Defendant has systematically and knowingly disclosed Plaintiff's and Class members' personally identifiable information ("PII") to Facebook, enabling the social media giant to link specific video game preferences and purchases to individual Facebook users.

5. Answering paragraph 5, Defendant denies the allegations contained therein and specifically denies that Defendant has disclosed sensitive data of Plaintiff.

[1] All headings and subheadings are as stated in the Complaint.

6. Answering paragraph 6, Defendant denies the allegations contained therein.

7. Answering paragraph 7, Defendant states that the allegations set forth legal conclusions that do not require a response and also denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations. Defendant further specifically denies that a significant portion of the Defendant's customer base consists of minors and young adults.

## PARTIES

8. Answering paragraph 8, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

9. Answering paragraph 9, Defendant admits that Defendant Bandai Namco Entertainment America Inc. is a Delaware corporation with its principal place of business at 23 Odyssey, Irvine, California 92618. Except as expressly admitted, Defendant denies any remaining allegations.

## JURISDICTION AND VENUE

10. Answering paragraph 10, Defendant does not contest this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. Answering paragraph 11, Defendant does not contest this Court has personal jurisdiction over Defendant.

12. Answering paragraph 12, Defendant does not contest venue.

## GENERAL ALLEGATIONS

### A. Background of the Video Privacy Protection Act

13. Answering paragraph 13, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 13 require a response, Defendant denies the allegations.

14. Answering paragraph 14, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 14 require a response, Defendant denies the allegations.

15. Answering paragraph 15, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 15 require a response, Defendant denies the allegations.

16. Answering paragraph 16, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 16 require a response, Defendant denies the allegations.

17. Answering paragraph 17, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 17 require a response, Defendant denies the allegations.

18. Answering paragraph 18, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 18 require a response, Defendant denies the allegations.

19. Answering paragraph 19, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 19 require a response, Defendant denies the allegations.

20. Answering paragraph 20, Defendant states that the allegations contained therein set forth legal conclusions that do not require a response. To the extent any allegations in Paragraph 20 require a response, Defendant denies the allegations.

**B. Facebook Pixel Technology and Its Tracking Capabilities**

21. Answering paragraph 21, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

22. Answering paragraph 22, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

23. Answering paragraph 23, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

24. Answering paragraph 24, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

25. Answering paragraph 25, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

26. Answering paragraph 26, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

**C. Defendant's Video Games Contain Substantial Prerecorded Audiovisual Content**

27. Answering paragraph 27 and subparagraphs a-d, Defendant denies the allegations contained therein, though Defendant does not contest that some of Defendant's video games may contain cutscenes.

28. Answering paragraph 28, Defendant denies the allegations contained therein, though Defendant does not contest that some of Defendant's video games may contain cutscenes.

29. Answering paragraph 29, Defendant denies the allegations contained therein.

### D. Bandai Namco's Use of the Facebook Pixel Discloses PII to Facebook Without Customer Consent

30. Answering the first sentence of paragraph 30, Defendant admits that it is a leading video game publisher and distributor. Answering the second sentence of paragraph 30, Defendant admits that Defendant publishes and markets many internationally acclaimed gaming franchises including Dark Souls, Elden Ring, Tekken, Dragon Ball, Pac-Man, Ace Combat, Tales, and others. Answering the third sentence of paragraph 30, Defendant admits that it maintains its websites www.bandainamcoent.com and store.bandainamcoent.com. Answering the last sentence of paragraph 20, Defendant denies the allegations contained therein. Except as expressly admitted, Defendant denies any remaining allegations.

31. Answering paragraph 31, Defendant admits that the Facebook Pixel was implemented at some point on both its main website and online store. Except as expressly admitted, Defendant denies any remaining allegations.

32. Answering paragraph 32, Defendant denies the allegations contained therein.

33. Answering paragraph 33, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegations (and denies such allegations on that basis).

34. Answering the first, second and third sentence of paragraph 34, Defendant states Defendant lacks knowledge or information sufficient to respond to Plaintiff's allegation (and denies such allegations on that basis). Answering the fourth sentence of paragraph 34, Defendant denies the allegations contained therein.

35. Answering paragraph 35, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations.

36. Answering paragraph 36, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations.

37. Answering paragraph 37, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations.

38. Answering paragraph 38, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations.

39. Answering the first sentence of paragraph 39, Defendant denies the allegations contained therein. Answering the second sentence of paragraph 39, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations.

40. Answering paragraph 40, Defendant denies the allegations contained therein.

41. Answering paragraph 41, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein (and denies such allegations on that basis), and otherwise denies any remaining allegations.

42. Answering paragraph 42, Defendant denies the allegations contained therein.

43. Answering paragraph 43, Defendant denies the allegations contained therein.

44. Answering paragraph 44, Defendant denies the allegations contained therein.

45. Answering paragraph 45, Defendant denies the allegations contained therein.

46. Answering paragraph 46, Defendant denies the allegations contained therein.

47. Answering paragraph 47, Defendant denies the allegations contained therein.

48. Answering paragraph 48, Defendant denies the allegations contained therein.

49. Answering paragraph 49, Defendant denies the allegations contained therein.

**E. Plaintiff's Experience**

50. Answering paragraph 50, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

51. Answering paragraph 51, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

52. Answering paragraph 52, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

53. Answering paragraph 53, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

54. Answering the first and second sentence of paragraph 54, Defendant admits that "ELDEN RING Shadow of the Erdtree Collector's Edition" for PlayStation 5 was available for pre-order on Defendant's online store on June 15,

2025 and that such video game contains cutscenes, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained therein, and denies such allegations on that basis. Answering the third sentence of paragraph 54, Defendant denies that prerecorded content in video games constitutes audiovisual material similar to content found on video cassette tapes within the meaning of the VPPA. Except as expressly admitted, Defendant denies any remaining allegations.

55. Answering paragraph 55, Defendant admits the allegations contained therein.

56. Answering paragraph 56, Defendant denies the allegations contained therein.

57. Answering paragraph 57, Defendant denies the allegations contained therein.

58. Answering paragraph 58, Defendant denies the allegations contained therein.

59. Answering paragraph 59, Defendant denies the allegations contained therein.

60. Answering paragraph 60, Defendant states that the allegations set forth legal conclusions that do not require a response and on that basis denies the allegations contained therein.

61. Answering paragraph 61, Defendant denies the allegations contained therein.

62. Answering paragraph 62, Defendant states that the allegations set forth legal conclusions that do not require a response and on that basis denies the allegations contained therein.

## CLASS ALLEGATIONS

**A. Definition of the Class**

63. Answering paragraph 63, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a purported class action.

64. Answering paragraph 64, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a putative class action.

65. Answering paragraph 65, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a putative class action or that any proposed amendment would or should be permitted.

66. Answering paragraph 66 and subparagraphs a-e, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a putative class action.

**B. Numerosity**

67. Answering paragraph 67, Defendant denies the allegations contained therein.

68. Answering paragraph 68, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

69. Answering paragraph 69, Defendant denies the allegations contained therein.

**C. Commonality and Predominance**

70. Answering paragraph 70 and sub-paragraphs a-k, Defendant denies the allegations contained therein and specifically denies that numerous common questions of law and fact exist as to all Class Members and those predominate over questions affecting only individual Class Members.

71. Answering paragraph 71, Defendant denies the allegations contained therein and specifically denies that there are questions of law and fact common to the Class, which predominate over any questions affecting only individual members of the Class.

**D. Typicality**

72. Answering paragraph 72, Defendant denies the allegations contained therein.

73. Answering paragraph 73, Defendant denies the allegations contained therein.

74. Answering paragraph 74, Defendant denies the allegations contained therein.

75. Answering paragraph 75, Defendant denies the allegations contained therein.

**E. Adequacy of Representation**

76. Answering paragraph 76, Defendant denies the allegations contained therein and specifically denies that Plaintiff's claims are sufficiently aligned with the interests of the absent putative Class Members and Plaintiff will fairly and adequately represent the interests of the putative Class.

77. Answering paragraph 77, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and denies such allegations on that basis.

**F. Superiority**

78. Answering paragraph 78 and sub-paragraphs a-h, Defendant denies the allegations contained therein and specifically denies that a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint.

**<u>CAUSES OF ACTION</u>**

**VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT**

**18 U.S.C. § 2710, *et seq.***

**[Plaintiff and the Class Against All Defendants]**

79. Answering paragraph 79, Defendant admits that Plaintiff purports to incorporate allegations by reference, and Defendant repeats and re-alleges each and every admission, denial, and statement contained above with the same force and effect as though set forth here in full.

80. Answering paragraph 80, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a putative class action.

81. Answering paragraph 81, Defendant states that the allegations contained therein set forth legal conclusions that do not require a response (and such allegations are denied on that basis).

82. Answering paragraph 82, Defendant states that the allegations contained therein set forth legal conclusions that do not require a response (and such allegations are denied on that basis).

83. Answering paragraph 83, Defendant denies the allegations contained therein.

84. Answering paragraph 84 and sub-paragraphs a-e, Defendant admits that some of the Defendant's games may contain pre-recorded cut scenes, and denies all remaining  allegations contained therein and specifically denies that Defendant is a "video tape service provider" under 18 U.S.C. § 2710(a)(4).

85. Answering paragraph 85 and subparagraphs a-d, Defendant admits that some of the Defendant's games may contain pre-recorded cut scenes, and denies all remaining allegations contained therein.

86. Answering paragraph 86, Defendant states that the allegations contained therein set forth legal conclusions that do not require a response (and such allegations are denied on that basis).

87. Answering paragraph 87, Defendant denies the allegations contained therein.

88. Answering paragraph 88, Defendant states that the allegations contained therein set forth legal conclusions that do not require a response (and such allegations are denied on that basis).

89. Answering paragraph 89, Defendant denies the allegations contained therein.

90. Answering paragraph 90, Defendant denies the allegations contained therein.

91. Answering paragraph 91, Defendant denies the allegations contained therein.

92. Answering paragraph 92, Defendant denies the allegations contained therein.

93. Answering paragraph 93, Defendant denies the allegations contained therein.

94. Answering paragraph 94, Defendant denies the allegations contained therein.

95. Answering paragraph 95, Defendant denies the allegations contained therein.

96. Answering paragraph 96, Defendant denies the allegations contained therein.

97. Answering paragraph 97, Defendant states that the allegations contained therein set forth legal conclusions that do not require a response (and such allegations are denied on that basis).

98. Answering paragraph 98, Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

99. Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever.

**JURY DEMAND**

100. Defendant denies that Plaintiff or any putative class member is entitled to jury on any issues triable to the Court.

**SEPARATE DEFENSES**

101. Without waiving or excusing Plaintiff's and/or putative class members' burden of proof or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof as opposed to denials of matters as to which Plaintiff and/or putative class members have the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

102. The Complaint and any purported claims for relief alleged therein fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Not a Video Tape Service Provider)**

103. The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Defendant is not a "video tape service provider" within the meaning of 18 U.S.C. § 2710(a)(4).

**THIRD AFFIRMATIVE DEFENSE**

**(Not a "Consumer" Under the VPPA)**

104. The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Plaintiff is not a "consumer" within the meaning of 18 U.S.C. § 2710(a)(1).

**FOURTH AFFIRMATIVE DEFENSE**

**(No Disclosure of PII)**

105. The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Defendant did not disclose information about the Plaintiff that constitutes personally identifiable information ("PII") as defined by 18 U.S.C. § 2710(a)(3).

**FIFTH AFFIRMATIVE DEFENSE**

**(No Knowing Disclosure of PII)**

106. The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Defendant did not knowingly disclose Plaintiff's PII as defined by 18 U.S.C. § 2710(b)(1).

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Injunctive Relief or Punitive Damages)**

107. The Complaint and any purported claims for relief alleged therein fail to state facts sufficient to obtain or recover injunctive relief or punitive or exemplary damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Article III and Statutory Standing)**

108. Plaintiff lacks standing to bring this action, to assert a claim for violation of 18 U.S.C. § 2710, or to assert any purported claim for relief alleged in the Complaint, either individually or in a representative capacity. Plaintiff and/or putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Claims are Barred by Defendant's Terms)**

109. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by applicable provisions in Defendant's Privacy Policy,

Terms of Service, cookie banner, or other polices or terms, and their referenced webpages, to which Plaintiff and/or the putative class consented.

**NINTH AFFIRMATIVE DEFENSE**

**(Claims are Barred by Facebook's Terms)**

110. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by applicable provisions in Facebook's Privacy Policy, Terms of Use, or other polices or terms, and their referenced webpages, to which Plaintiff and/or the putative class consented.

**TENTH AFFIRMATIVE DEFENSE**

**(Claims Barred by Limitation of Liability in Terms of Service)**

111. The Complaint and any purported claim for relief alleged therein are barred, in whole or in part, by the limitation-of-liability provisions contained in Defendant's Terms of Service to which Plaintiff and/or the putative class expressly agreed.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Claims are Barred by Consent)**

112. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Plaintiff consented to the collection of his personally identifiable information.

**TWELFTH AFFIRMATIVE DEFENSE**

**(VPPA's Ordinary Course of Business Exception)**

113. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendant's alleged conduct falls within the VPPA's "ordinary course of business" exception under 18 U.S.C. § 2710(b)(2)(E).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Class Action Not Appropriate)**

114. The Complaint and any purported claims for relief alleged therein are barred, because this case is not maintainable as a class action under Federal Rule of

Civil Procedure 23 as the proposed class does not satisfy the requirements described therein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Damages / No Injury in Fact / Lack of Causation)**

115. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because neither Plaintiff nor any putative class member suffered any damages or injury in fact due to any of Defendant' acts, conduct, or omissions as alleged in the Complaint, and/or any alleged injury was not causally related to any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Res Judicata / Collateral Estoppel / Settlement / Release)**

116. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, settlement, and/or release.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with Legal Obligations)**

117. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendant complied, or sought in good faith to comply, with all of its legal obligations under the applicable laws.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

118. Defendant is informed and believes, and based thereon alleges, that Plaintiff and/or the putative class members have failed to make reasonable efforts to mitigate the alleged damages they claim to have suffered. Defendant denies that Plaintiff and/or the putative class are entitled to any relief, however, any relief to which Plaintiff and/or the putative class members would be entitled, must be diminished by the extent that such damages could have been mitigated.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Enjoinable Conduct)**

119. The Complaint and any purported claims for relief alleged therein fail to show any entitlement to the remedy of injunctive relief, including because they fail to state facts sufficient to show continuing acts, the threat of irreparable harm, inadequacy of a legal remedy, or a reasonable likelihood of repetition of the alleged conduct if it were in fact established to be wrongful.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

120. To the extent any of the conduct complained of occurred outside the applicable limitations period, the Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the applicable statutes of limitation.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

121. To the extent applicable, neither Plaintiff nor any putative class member is entitled to recover any punitive or exemplary damages on the grounds that any award of punitive or exemplary damages under federal and/or state law in general, and/or any such award under federal and/or state law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and similar provisions of California's Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Laches / Waiver / Estoppel)**

122. The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

WHEREFORE, Defendant prays for judgment as follows:

1. That neither Plaintiff nor any putative class member take anything by way of the Complaint, and that the same be dismissed with prejudice on the merits;

2. That judgment be entered in favor of Defendant and against Plaintiff and (should the case be certified) the putative class members;

3. That Defendant be awarded reasonable attorneys' fees and costs of suit herein, as provided by law; and

4. That Defendant be granted such further and other relief as the Court deems just and proper.

DATED: September 4, 2025

KARIN G. PAGNANELLI
LUCY H. PLOVNICK
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ *Karin G. Pagnanelli*
Karin G. Pagnanelli
Lucy H. Plovnick (*pro hac vice*)
*Attorneys for Defendant*
*Bandai Namco Entertainment America Inc.*

**PROOF OF SERVICE**

WASHINGTON, DISTRICT OF COLUMBIA

I am employed in the city of Washington, D.C., I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 1818 N Street, NW, 7th Floor, Washington, DC 20036, and my business email address is pxt@msk.com.

On September 4, 2025, I served a copy of the foregoing document(s) described as **DEFENDANT BANDAI NAMCO ENTERTAINMENT AMERICA INC.'S ANSWER TO PLAINTIFF SAMUEL JESSE GARCIA'S FIRST AMENDED CLASS ACTION COMPLAINT FOR: 1. VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT (18 U.S.C. § 2710)** on the interested parties in this action at their last known address as set forth below by taking the action described below:

**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
Mickel M. Arias, Esq. (SBN 115385)
mike@aswtlawyers.com
Craig S. Momita, Esq. (SBN 163347)
craig@aswtlawyers.com
M. Anthony Jenkins, Esq. (SBN 171958)
anthony@aswtlawyers.com
Isaac Manoff, Esq. (SBN 347528)
isaac@aswtlawyers.com

☐ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☒ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 4, 2025, at Washington, D.C.

_/s/ Petrina Thompson_
Petrina Thompson